IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| FORT STOCKTON INDEPENDENT SCHOOL DISTRICT,<br>    *Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | PE:24-CV-00043-DC-DF |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§ | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

BEFORE THE COURT is Plaintiff Fort Stockton Independent School District's ("FSISD") Motion to Compel Documents and Amended Privilege Log. (Doc. 23). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, FSISD's Motion to Compel is **GRANTED**. (Doc. 23).

### BACKGROUND

This case involves a breach of contract action stemming from an insurance dispute. (Doc. 1). FSISD is an independent school district that purchased an insurance policy from Defendant Liberty Mutual Fire Insurance Company ("Liberty"). (Doc. 1-5 at 6). Defendant removed this case to this Court on September 16, 2024. (Doc. 1). On September 26, 2025, FSISD filed this Motion to Compel, claiming Liberty had failed to produce several categories of discoverable material. (Doc. 23). Liberty filed a Response on October 3, to which FSISD filed a Reply on October 17. (Doc. 25). This Court

conducted a hearing on the Motion, in which it collected some of the disputed documents for *in camera* review. (Doc. 34). This matter is ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. FED. R. CIV. P. 26(b). Under Rule 26(b), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

Trial courts have wide discretion to determine the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 698 (5th Cir. 2017); *see SBI Crypto Co., Ltd. v. Whinstone US, Inc.*, No. 23-CV-00252, 2024 WL 5036570, at *2 (W.D. Tex. Oct. 15, 2024) ("In resolving discovery motions, a magistrate judge holds broad discretion.") (citation and internal quotation marks omitted). The Court must limit discovery, if it determines, on a motion or on its own, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

Under Federal Rule of Civil Procedure 37, a party may move to compel discovery or disclosure when a party fails to answer an interrogatory under Rule 33 or respond to an request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P. 37(a)(3). "An evasive or incomplete disclosure,

2

answer, or response, must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Once the party moving to compel discovery establishes the information or materials it seeks are relevant or will lead to the discovery of admissible evidence, the party resisting discovery must substantiate its objections. *Lozano v. Baylor Univ.*, 339 F.R.D. 447, 450 (W.D. Tex. 2020); *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "[A] party who opposes its opponent's request for production [must] show specifically how . . . each [request] is not relevant." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (quoting *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485). Boilerplate objections such as "overly broad, burdensome, oppressive and irrelevant" are "not adequate to voice a successful objection to an interrogatory" or production request. *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)).

## DISCUSSION

FSISD initially sought production of a wider set of documents. (Doc. 23). But the Parties informed the Court on November 26 that, after FSISD moved to Compel, they reached agreements regarding most of the disputed material and that the only documents still at issue are the ones Liberty provided to the Court for *in camera* review.[1] (Doc. 36 at 1). These documents fall under two categories: (1) emails and (2) log notes.

---

1. Liberty provided the Court with one of the documents created prior to the anticipation of litigation that was redacted as loss reserves (Liberty00000060). (Doc. 23-3 at 4). The Court presumes this, along with the other loss reserve material, is no longer disputed. (Doc. 36) ("We will also provide you with the reserves prior to the anticipation of litigation on October 11, 2023.").

3

Having reviewed the relevant case law and conducted an *in camera* review, the Court finds these documents are unprivileged and must be produced.

## I.   Emails

The Court first addresses Liberty's emails, which Liberty claims are protected by attorney-client privilege.[2] Liberty claims the emails are with counsel that Liberty retained before October 11, 2023—the date they began to anticipate litigation—"to provide legal services relating to specific coverage advice" and answer "a limited coverage question involving [FSISD's] claim." (Doc. 25 at 8). FSISD argues they are not protected, relying on the principle that an attorney's communication is not privileged if the attorney was acting in a capacity other than that of an attorney. (Doc. 27 at 4).

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Mass. Mut. Life Ins. Co. v. Loew*, No. 17-CV-119, 2018 WL 4178327, at *1 (W.D. Tex. Aug. 9, 2018) (quoting FED. R. EVID. 501); *In re Avantel, S.A.*, 343 F.3d 311, 318 (5th Cir. 2003). Because this is a breach of contract case arising under Texas law, the Court will look to Texas law to analyze whether attorney-client privilege applies. *Curlee v. United Parcel Serv., Inc. (Ohio)*, No. 13-CV-344, 2014 WL 4262036, at *4 (N.D. Tex. Aug. 29, 2014) (citations omitted) ("The Court sitting in this diversity case applies the Texas attorney-client privilege.").

Under Texas law, the burden is on the party asserting the privilege to demonstrate why each document is protected. *Id.* "[A] general allegation of privilege is insufficient. . . ." *Navigant Consulting Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex.

---

2. Control numbers LM00000146, 152, 155, 166, 166.0001, and 167. (Doc. 23 at 11).

2004); *Serv. Lloyds Ins. Co. v. N. Am. Risk Srvcs., Inc.*, No. 19-CV-0518, 2021 WL 148054, at *3 (W.D. Tex. Jan. 15, 2021) ("The limited descriptions of communications in [respondent's] privilege log are insufficient to establish whether those communications were made for the purpose of seeking legal advice, and thus whether those documents are protected by attorney-client privilege."). Instead, "[t]he proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists." *Navigant*, 220 F.R.D at 473.

The attorney-client privilege does not act as a blanket privilege over communications between attorney and client. *In re Tex. Farmers Exch.*, 990 S.W.2d 337, 341 (Tex. App.—Texarkana 1999, orig. proc.). Relevant here, if the evidence establishes the counsel "was acting in the capacity of an insurance investigator rather than as an attorney[,]" the communications are not privileged. *Tex. Pub. Pol'y Found. v. Highland Park Indep. Sch. Dist.*, No. 24-00813-CV, 2025 WL 1953400, at *5 (Tex. App.—Dallas 2025, no pet.). Otherwise, "insurance companies could simply hire attorneys as investigators at the beginning of a claim investigation and claim privilege as to all the information gathered." *Farmers Exch.,* 990 S.W.2d at 341. That said, "factual investigation and the provision of legal service are not mutually exclusive" and the facts often fail to clearly indicate the capacity in which the attorney was acting. *Tex. Pub. Pol'y Found.*, 2025 WL 1953400, at *5. The critical inquiry is whether the communications "facilitated the rendition of predominantly legal advice or services to the client." *Stoffels v. SBC Commc'ns., Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009).

After conducting *in camera* review and considering the evidence FSISD provided to support its privilege claim, the Court finds the emails are not protected by attorney-client privilege. Though the Court recognizes there can often be overlap between legal and insurance services, the emails reflect that counsel was acting in the capacity of providing insurance-related services. For example, in an email dated July 3, 2025, marked under control number LM000005, the law firm provided Liberty with the results of a hail analysis done on FSISD's property. This plainly falls more within the realm of claims investigation rather than the provision of legal services.

Liberty also attaches two declarations in support of its privilege claim. The second declaration is from Brett A. Wallingford, a representative of the law firm Liberty hired. (Doc. 25-6). Wallingford's declaration states his firm "provide[d] coverage-specific advice relating to Plaintiff's insurance claim" and that Liberty first had a reasonable basis to anticipate litigation on October 11, 2023. *Id.* at 1. All the emails at issue here were created before October 11. (Doc. 23-3 at 5). Though this is not determinative for the purposes of attorney-client privilege, it reinforces the conclusion that the services provided were that of claim and insurance assistance rather than legal advice. *Id.* "[A]ttorney communications will not be privileged if they are done to obtain business or technical advice, given that business matters . . . are not privileged." *Serv. Lloyds*, 2021 WL 148054, at *2 (citing *Stoffels*, 263 F.R.D. at 411). Accordingly, the Court **GRANTS** FSISD's Motion to Compel as to the emails.

## II. Log Notes

Second, FSISD moves to compel several portions of Liberty's log notes they allege Liberty improperly redacted.[3] (Doc. 23 at 8). Liberty claims the redacted material is protected by attorney-client privilege as communication amongst client representatives. (Docs. 25 at 8; 25-14 at 9). FSISD argues the documents are not communications—a requirement for attorney-client privilege—but instead notes made by other Liberty non-lawyer employees in the usual course of a claim investigation before the anticipation of litigation. (Doc. 27 at 6). The Court agrees.

Whether material is a "communication" for the purposes of attorney-client privilege can be a difficult question. But "[t]he best analysis is that no document—or other writing—should be treated within the privilege [as a communication] if it did not come into existence for the primary purpose of communicating to the attorney." 24 Charles Alan Wright, et al., *Federal Practice and Procedure* § 5484 (1st ed. 2025) (collecting cases). In the case of the log notes, the Court agrees with FSISD that they were made for conducting a claim investigation and not for the primary purpose of communicating to an attorney.

Even if the Court were to treat the notes as communications, Liberty has not met its burden of showing that they are communications privy only to client representatives. Under Texas law, a party invoking attorney-client privilege for communications between client representatives "must show that each person privy to the communication: (1) had the authority to obtain professional legal services on behalf

---

3. Bates numbers Liberty00000023–25, 33–34, 37, 41, 43, 47, 52. (Doc. 23 at 11).

7

of the client; (2) had authority to act on legal advice rendered to the client; or (3) made or received the communication while acting within the scope of his employment for the purpose of effectuating legal representation to the client." *Navigant*, 220 F.R.D. at 475 (citation omitted); *Seibu Corp. v. KPMG LLP*, No. 00-CV-1639, 2002 WL 87461, at *2 (N.D. Tex. Jan. 18, 2002) (citing TEX. R. EVID. 503(a)(2)(A)–(B)). Liberty has failed to meet this burden, as it remains unclear who is privy to the log notes and whether they each qualify as client representatives. Accordingly, the Court finds they are not privileged and **GRANTS** FSISD's Motion to Compel as to the redacted log notes.

## CONCLUSION

For the foregoing reasons, FSISD's Motion to Compel is **GRANTED** as to the remaining disputed material. (Docs. 23, 36). Liberty must produce the material **within thirty (30) days of the docketing of this Order**.

It is so **ORDERED**.

SIGNED this 12th day of December, 2025.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE